UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MALIBU MEDIA, LLC,

                        Plaintiff,

     -against-

JOHN DOE, subscriber assigned IP
address 68.198.222.69,

                        Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-3489 (ADS)(SIL)

**LOCKE, Magistrate Judge:**

Presently before the Court in this copyright infringement action is Defendant John Doe's ("Defendant" or "Doe") Motion to Quash Subpoena or for Protective Order, which Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media") opposes. *See* Docket Entry ("DE") [12], [13]. For the reasons set forth herein, Defendant's motion is denied.

The relevant factual and procedural background is discussed at length in this Court's July 29, 2015 Order granting Plaintiff's Motion for Expedited Discovery (the "Discovery Order"), and is incorporated herein by reference. *See* DE [9]. By way of Complaint dated June 16, 2015, Malibu Media commenced this action against the Doe Defendant, alleging one count of direct copyright infringement in violation of 17 U.S.C. §§ 106, 501. *See* Compl., DE [1], ¶¶ 28-33. According to Plaintiff, between August 17, 2014 and May 6, 2015, Defendant illegally copied and distributed forty-three movies to which Malibu Media owns the copyright. *Id.* at ¶ 20, Exs. A, B. Malibu Media further alleges that it "only knows defendant by his, her or its IP

1

address," but that "Defendant's Internet Service Provider can identify the Defendant." *Id.* at ¶¶ 9, 10. Accordingly, on July 13, 2015, Plaintiff filed a motion seeking leave to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP"), Cablevision, pursuant to Fed. R. Civ. P. 26(f) (the "Discovery Motion"). *See* DE [4].

In the Court's July 29, 2015 Discovery Order, the Court granted the Discovery Motion, holding that "Malibu Media has demonstrated good cause for limited expedited discovery designed to ascertain the names and addresses of the Doe Defendants." Discovery Order at 9.[1] The Court also issued a Protective Order governing the manner in which such information would be disclosed. *Id.* at 10-12. Pursuant to the Protective Order, within sixty days of receiving a subpoena from Malibu Media, Defendant's ISP was required to provide notice thereof to Defendant. *Id.* at 11. Upon receiving such notice from the ISP, Defendant then had sixty days to file any motion with this Court seeking to contest the subpoena or litigate the subpoena anonymously. *Id.* If, after sixty days, Defendant did not contest disclosure of his identity, the ISP was required to either produce information responsive to the subpoena or file its own motion to quash within ten days. *Id.* at 12.

On or about August 21, 2015, Defendant received a letter from Cablevision informing him that Cablevision received a subpoena from Malibu Media seeking disclosure of Defendant's name and address (the "Cablevision Subpoena"). *See*

---

[1] Certain references in the Discovery Order are to more than one Defendant because Malibu Media filed numerous similar lawsuits followed by the same motion for expedited discovery concerning the identities of various Doe Defendants. *See* Discovery Order at 1-2 (identifying the nineteen cases to which the Discovery Order applies).

Motion to Quash Subpoena Served upon Cablevision for the Identity of Defendant, "John Doe" Identified as IP Address 68.198.222.69 and for a Protective Order ("Def.'s Mot."), DE [12], ¶ 2. On October 16, 2015, Defendant filed the instant motion seeking an Order: (i) quashing the Cablevision Subpoena pursuant to Fed. R. Civ. P. 45(d), and (ii) protecting his identity from disclosure pursuant to Fed. R. Civ. P. 26(c). *Id.* at ¶¶ 51, 58. Defendant's motion is nearly identical to the Motion to Quash and Motion for Protective Order filed by the John Doe defendant in *Malibu Media, LLC v. John Doe*, No. 15-CV-3504 (JFB)(SIL) (the "Related Action").[2] *Compare* DE [12], *with* Motion for Protective Order, *Malibu Media, LLC v. John Doe*, No. 15-CV-3504 (JFB)(SIL), (E.D.N.Y. Sept. 28, 2015), ECF No. 10.

According to Defendant, he "did not copy or transmit Plaintiff's copyrighted works . . . and was not a part of Plaintiff's alleged BitTorrent 'swarm.'" Def.'s Mot. ¶ 6. Defendant further argues that "Plaintiff has failed to show 'good cause' for the expedited discovery [provided for in the Discovery Order] because it couldn't establish a *prima facie* claim and its claim that there is no alternative means of obtaining the desired information was inadequate." *Id.* at ¶ 59. Like the Doe Defendant in the Related Action, here, Defendant relies on a 2008 paper published by the University of Washington Department of Computer Science in arguing that the "common approach for identifying infringing users in the popular BitTorrent file sharing

---

[2] A majority of the paragraphs in the instant motion are verbatim copies of the Doe defendant's motion in the Related Action. By way of example, like the Doe defendant in the Related Action, here, Defendant claims that he "did not copy or transmit Plaintiff's copyrighted works and was not a part of Plaintiff's alleged BitTorrent 'swarm' on May 23, 2015 at 03:31:54 nor any other times." Def.'s Mot. ¶ 36. However, Malibu Media does not allege that Defendant in this action infringed its copyrights at any time after May 6, 2015. *See* Compl. Ex. B.

3

network is not conclusive." *Id.* at ¶¶ 8-11 (quoting Tadayoshi Kohno, Arvind Krishnamurthy & Michael Piatek, University of Washington, *Challenges and Directions for Monitoring P2P File Sharing Networks – or – Why My Printer Received a DMCA Takedown Notice* (available at www.dmca.cs.washington.edu/dmca_hotsec08.pdf) [hereinafter Univ. of Wash. Paper]).

On August 23, 2016, this Court denied the Doe defendant's motion to quash in the Related Action. *See Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016). The Court held that: (i) the University of Washington Paper did not affect the Courts determination that good cause exists to allow for the expedited discovery in the Discovery Order; (ii) the Doe defendant lacked standing to oppose Malibu Media's subpoena on undue burden grounds; (iii) the possibility that privileged or otherwise protected information would be disclosed did not warrant quashing Malibu Media's subpoena; and (iv) good cause did not exist to protect from disclosure the information sought in the subpoena pursuant to Fed. R. Civ. P. 26. *See id.* at *11-12.

Because Defendant here advances identical arguments to those that the Doe defendant in the Related Action advanced, the Court incorporates by reference the reasoning and analysis in the Memorandum and Order denying the John Doe defendant's motion to quash in the Related Action. *Id.* For the reasons set forth therein, the Court concludes that: (i) good cause exists to allow for the limited expedited discovery provided for in the Discovery Order; (ii) Defendant lacks standing

4

to oppose the Cablevision Subpoena on undue burden grounds; (iii) the potential for disclosure of privileged or protected information does not warrant quashing the Cablevision Subpoena; and (iv) good cause does not exist to protect from disclosure the information sought in the Cablevision Subpoena pursuant to Fed. R. Civ. P. 26.

Based on the foregoing, Defendant's motion is denied in its entirety. However, consistent with the Court's Discovery Order, and on Plaintiff's consent, Defendant may litigate this action anonymously through the close of discovery. *See* Discovery Order at 12; *see also Malibu Media, LLC v. John Doe No. 4*, No. 12 Civ. 2950, 2012 WL 5987854, at *4-5 (S.D.N.Y. Nov. 30, 2012) (denying motion to quash, but allowing the defendant to proceed anonymously). Moreover, the October 6, 2015 Order staying the directives and relief provided for in the Court's July 29, 2015 Discovery Order is hereby vacated. Malibu Media is instructed to: (i) serve a copy of this Order on the Doe Defendant's ISP; and (ii) re-serve a copy of the Cablevision Subpoena and the Court's July 29, 2015 Discovery Order on the Doe Defendant's ISP. The Discovery Order's Protective Order shall continue to govern the manner in which the expedited discovery is conducted, and the time limits and deadlines provided for therein shall reset upon re-service of the Cablevision Subpoena and Discovery Order.

Dated: Central Islip, New York
      August 25, 2016

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge